**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1615**

_____

ORALIZ SARAI VILLATORO CLAROS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: September 28, 2023                    Decided: October 2, 2023

_____

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:** W. Steven Smitson, Columbia, Maryland, for Petitioner. Brian M. Boynton, Principal Deputy Assistant Attorney General, Jonathan A. Robbins, Assistant Director, Zoe J. Heller, Senior Litigation Counsel, Office of Immigraiton Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oraliz Sarai Villatoro Claros (Villatoro), a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from the immigration judge's oral decision denying Villatoro's applications for asylum and withholding of removal. We deny the petition for review.

Here, the Board held that Villatoro waived review of the immigration judge's primary alternative ruling—to wit: that Villatoro failed to establish that the Honduran government is unable or unwilling to control her private-actor persecutor, *see Portillo Flores v. Garland*, 3 F.4th 615, 626, 632-37 (4th Cir. 2021) (en banc) (discussing three elements of an asylum claim, particularly the "government control element")—by failing to address that aspect of the immigration judge's decision in her administrative appeal brief. Because that ruling was independently dispositive of the applications for asylum and withholding of removal, the Board declined to reach the issue that Villatoro did raise in the administrative appeal, which related to the immigration judge's social group analysis, and affirmed the immigration judge's denial of relief on the alternative basis. Villatoro does not address these aspects of the Board's decision in her brief in this court. Accordingly, we hold that these issues are waived.* *See* Fed. R. App. P. 28(a)(8)(A); *see also Grayson O Co. v. Agadir Int'l, LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument

---

* Villatoro has also waived review of the immigration judge's denial of her claim for relief under the Convention Against Torture (CAT), which likewise was not raised in the administrative appeal and similarly is not raised in the brief submitted to this court. *See Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (explaining that petitioner's failure to address the denial of CAT relief waives the issue).

2

by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (internal quotation marks and brackets omitted)). And while Villatoro does present an extensive argument related to the immigration judge's social group analysis, that argument is not properly before us for review because the Board specifically declined to address that aspect of the immigration judge's ruling and, thus, did not rely on that rationale to affirm the order of removal. *See Arita-Deras v. Wilkinson*, 990 F.3d 350, 356 (4th Cir. 2021) (explaining that, "[w]hen the Board adopts the analysis used by the IJ [and] supplements it with its own reasoning, we review both decisions," but that "we limit our consideration of the IJ's [decision] to the portions that have been adopted and incorporated into the Board's decision" (internal quotation marks omitted)).

Next, Villatoro repeats her challenge to the agency's jurisdiction over her removal proceedings based on the Department of Homeland Security's failure to identify the place, time, and date of her initial hearing in the charging Notice to Appear. However, as the Board explained, this argument is foreclosed by circuit precedent. *See United States v. Cortez*, 930 F.3d 350, 358-66 (4th Cir. 2019) (holding that a Notice to Appear's failure to include the date or time of the hearing does not implicate the immigration court's jurisdiction or adjudicative authority); *see also United States v. Vasquez Flores*, No. 19-4190, 2021 WL 3615366, at *2 n.3 (4th Cir. Aug. 16, 2021) (argued but unpublished) (reaffirming *Cortez* after considering *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021)).

Finally, Villatoro asks that we remand this matter to allow for the exercise of prosecutorial discretion. However, it is clear from the Attorney General's later filing with

3

this court that Villatoro's request for prosecutorial discretion has been considered and rejected. Accordingly, we decline Villatoro's request for remand.

For these reasons, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*